# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY MATTHEWS,<br><br>　　　Plaintiff,<br><br>v.<br><br>HSS SYSTEMS, LLC DBA PARALLON BUSINESS PERFORMANCE GROUP,<br><br>　　　Defendant. | Case No. CIV-15-114-RAW |

## ORDER & OPINION

Before the court is Defendant's motion for judgment on the pleadings [Docket No. 68]. A similar motion was filed by the previous defendant Parallon Business Solutions, LLC (hereinafter "Parallon") [Docket No. 24]. As Parallon is no longer a defendant, that motion is moot.

Plaintiff filed his Amended Complaint on December 25, 2015, alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"). Specifically, Plaintiff claims that Defendant: (1) violated § 1692c(a)(2) by communicating directly with Plaintiff regarding an alleged debt while knowing the identity and address of Plaintiff's counsel; (2) violated § 1692e and § 1692e(10) by using false, deceptive or misleading representations by sending documents claiming to be from the hospital-creditor when they were from Defendant; (3) violated § 1692e(14) by using the name of the hospital-creditor in the letterhead of correspondence from Defendant; (4) violated § 1692e(11) by failing to disclose in the initial written communication that Defendant was attempting to collect a debt; and (5) violated § 1692g(a) by failing to send written notice to Plaintiff or his counsel containing: (a) the

1

amount of the debt, (b) the name of the creditor, (c) a statement that the debt will be assumed valid if Plaintiff fails to notify Defendant within 30 days that he disputes the validity of the debt, (d) a statement that the Defendant will obtain verification of the debt if Plaintiff disputes it in writing, and (e) a statement that Defendant will provide the name and address of the original creditor upon request.

Defendant states in its motion for judgment on the pleadings that Plaintiff's claims arise entirely out of a pair of identical letters he received from Defendant on or about September 1, 2014. Those letters were attached to the Amended Complaint. Docket No. 56, Exhs. 1 and 2. Defendant then argues that Plaintiff's claims fail because those letters were not sent to Plaintiff in connection with the collection of a debt, but instead sent to him in response to an express request to determine his eligibility for the hospital-creditor's financial assistance program. Defendant further argues that to the extent Plaintiff intends to state a claim based upon the letter sent to Plaintiff's counsel on August 14, 2014, that claim fails as a matter of law.

**STANDARD OF REVIEW**

In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court uses the same standard it uses in considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, for purposes of the motions for judgment on the pleadings, the court accepts as true all of the factual allegations in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).

To survive the motions for judgment on the pleadings, the Petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  Plaintiff must nudge his "claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.  In other words, Rule 8(a)(2) still lives.  Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

**LETTERS SENT TO PLAINTIFF**[1]

Defendant states that Plaintiff's claims arise entirely out of a pair of identical letters he received from Defendant on or about September 1, 2014 and argues that those claims fail as a matter of law.  For purposes of its motion, Defendant states that it does not challenge that Plaintiff is a "consumer" or that it is a "debt collector."[2]   Instead, Defendant argues that the financial assistance letters mailed to Plaintiff on behalf of the hospital-creditor were not communications made in connection with the collection of a debt.

Noting that it located no Tenth Circuit opinion outlining a test for determining whether a communication is made "in connection with" the collection of a debt, Defendant relies on the balancing test set out by the Sixth Circuit in Goodson v. Bank of America, 600 F.3d 722 (6th Cir. 2010).  In Goodson, the Sixth Circuit stated that for a communication to be "in connection with"

---

[1] In resolving the motion for judgment on the pleadings, the court does not consider matters outside the Amended Complaint.  Fed. R. Civ. P. 12.  As the September 1, 2014 letters sent to Plaintiff were attached to the Amended Complaint, the court considers them.  Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991).

[2] Defendant states that it does not believe it is in fact a "debt collector" and reserves the right to challenge that element at a later date, but does not dispute it for purposes of this motion. Docket No. 68, p. 7.

a debt, the "animating purpose" must be to induce payment. In determining the "animating purpose," the Goodson court considered:

> (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statement were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.

Id. at 431. Plaintiff argues that the courts within the Tenth Circuit have rejected this "animating purpose" balancing test, noting that to do so would strip § 1692e(8) of its teeth. See Baker v. I.Q. Data Int'l, Inc., No. 14-CV-0114-WJM-MEH, 2015 WL 1945148 *4 (D. Colo. April 29, 2015). The Baker court noted that "the harm to the consumer is the same regardless of the debt collector's motive for making the communication." Id.

This court need not decide here whether the Goodson test should be applied because even applying the test, the motion for judgment on the pleadings must be denied. First, Defendant relies on evidence outside the Amended Complaint in its argument that the September 1, 2014 letters were sent in response to an inquiry or request by Plaintiff. Plaintiff argues those letters were *not* sent in response to an inquiry or request by Plaintiff. This matter is outside the Amended Complaint and the court will not consider it in ruling on the motion for judgment on the pleadings.

Second, in considering the other factors, it is clear that Plaintiff has nudged his claims across the line from conceivable to plausible. At least for purposes of this motion, the nature of the relationship of the parties is debt collector-debtor.[3] Moreover, while the letters did not

---

[3] On page 7 of its motion, Defendant states that it does not dispute for purposes of the motion that Plaintiff is a consumer and it is a debt collector. Later on pages 10-11, Defendant states that the relationship between the parties cannot be described as that of a debt collector-debtor. Clearly, the hospital-creditor sent the debt to Defendant to be collected. The court is

4

demand payment, they identified Plaintiff as the responsible party for the debt and referenced his account number and hospital bills.  They requested sensitive financial information.  They gave a fourteen day deadline for returning the forms, which taking the evidence in the light most favorable to Plaintiff may reasonably imply a threat.  All of this is designed to make payment more likely.  As a debt-collector, communications not designed to make payment more likely would be an illogical waste of resources.  Plaintiff's Amended Complaint survives the motion for judgment on the pleadings.

**LETTER SENT TO PLAINTIFF'S COUNSEL[4]**

Defendant argues that to the extent the Amended Complaint alleges that the August 20, 2014 letter to Plaintiff's counsel violated § 1692g, that claim fails as a matter of law because the letter was sent *to counsel*.  Defendants cite Dikeman v. National Educators, 81 F.3d 949 (10th Cir. 1996), arguing that failure to include a required notice in a communication with a consumer's attorney is not a violation of the FDCPA.

The Dikeman holding, however, was limited to whether a § 1692e(11)[5] disclosure must be included in a verbal statement to an attorney.  Plaintiff has alleged the failure to make §

---

puzzled as to what relationship the Defendant is claiming if not debt collector-debtor.  While the letters may have been sent *on behalf of* the hospital-creditor, they were sent *by* Defendant, who at least for purposes of this motion admits to being a debt-collector.

[4] The court considers this letter, as it was referenced in the Amended Complaint, is central to Plaintiff's claim and the parties do not dispute the document's authenticity.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).  Defendant's argument regarding Plaintiff's counsel's subjective understanding of the letter, however, brings in evidence outside the Amended Complaint, including Plaintiff's counsel's website, that will not be considered.  Moreover, Plaintiff's counsel's subjective understanding of whether the letter was from a debt collector is not an issue here, as his claim is that Defendant did not include the required § 1692g(a) disclosures, not that Defendant failed to include the required § 1692e(11) disclosure.

[5] Section 1692e(11) requires a debt collector "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to

1692g(a)[6] disclosures in a letter to counsel. There is quite a difference between the requirement to disclose that the debt collector is attempting to collect a debt, which indisputably an attorney should understand, and the detailed individual disclosures required under § 1692g(a), including the amount of debt and to whom it was owed, which no one would know unless informed. This court agrees that it would be odd if the fact that a consumer was represented excused the debt collector from having to convey the information required under § 1692(a)(1) and (2). Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 773 (7th Cir. 2007). Defendant's motion for judgment on the pleadings is denied.

**CONCLUSION**

Defendant's motion for judgment on the pleadings [Docket No. 68] is denied. As noted above, the motion filed by the previous defendant Parallon [Docket No. 24] is moot.

**IT IS SO ORDERED** this 29th day of January, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

[6] Section 1692g(a) requires a debt collector to disclose: "(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."